UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

|  |  |  |
|---|---|---|
| DANIEL JOHNSON, individually and on behalf of all others similarly situated, | : : : | **DOCKET NO. _____** |
| Plaintiff, | : : | **JURY TRIAL DEMANDED** |
| v. | : : | **CLASS ACTION PURSUANT TO FED.** |
| INMAN'S AUTO RESCUE OF COLORADO, LLC, | : : : | **R. CIV. P. 23, and COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| Defendant. | : : | |

NOW COMES Plaintiff Daniel Johnson, by and through his attorneys, Berger & Montague, P.C., Blanchard & Walker PLLC, and Kehoe Law Firm, on behalf of himself and on behalf of all others similarly situated, brings this Complaint against Defendant Inman's Auto Rescue of Colorado, LLC ("Defendant" or "Auto Rescue") as follows:

### CLASS AND COLLECTIVE ACTION COMPLAINT

1.      This is a collective action brought pursuant to 29 U.S.C. §216(b) by Plaintiff Daniel Johnson, on behalf of himself and all others similarly situated, which arises from Defendant's willful violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Colorado Minimum Wage Act ("CMWA"), Colo. Rev. Stat. §§ 8-6-101 *et seq.*, as implemented by Colo. Code Regs. §§ 1103-1:2 *et seq.*, and the Colorado Wage Act ("CWA") Colo. Rev. Stat. §§ 8-4-101 through 8-4-123, for failure to pay proper minimum wages and overtime wages for all hours of work performed by its employees.

2.      Defendant Auto Rescue employs Plaintiff and others similarly situated as roadside assistance technicians to provide services to motorists whose vehicles have suffered a mechanical

failure that leaves the operator stranded, such as getting a flat tire, being locked out of their car, running out of fuel, or a dead battery.

3.      Plaintiff brings this collective action on behalf of himself and others similarly situated to challenge Defendant's unlawful policy and practice of misclassifying its roadside assistance technicians as "independent contractors" when they are properly classified as employees.

4.      By misclassifying its roadside assistance technicians as "independent contractors," Defendant violated the FLSA by failing to pay their workers minimum wage and overtime for all time worked in excess of forty hours per week.

5.      Plaintiff brings this claim under the FLSA on behalf of all similarly situated employees who may choose to opt in to this action pursuant to 29 U.S.C. §216(b).

6.      Plaintiff also brings claims for violations of the CMWA and CWA, as well as for unjust enrichment under Colorado law, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

## PARTIES

7.      Plaintiff Daniel Johnson ("Johnson"), who is a citizen and resident of Colorado Springs, Colorado, has worked for Defendants as a roadside assistance technician from 2015 to the present. Pursuant to 29 U.S.C. § 216(b), Johnson has consented in writing to being a Plaintiff in this action. *See* Exhibit A.

8.      Defendant Inman's Auto Rescue of Colorado, LLC is a limited liability company doing business in Colorado, with its principal place of business at 1685 S. Colorado Blvd., Unit S-264, Denver, Colorado 80222.

**JURISDICTION AND VENUE**

9.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because

Plaintiff has brought a claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

10.      Venue is proper in this Court because Plaintiff resides within this judicial district,

and because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred

within this District.

**STATEMENT OF FACTS**

11.      Defendant Auto Rescue is part of a large, nationwide network of affiliated roadside

service companies that are owned and controlled by Michael K. Inman through his ownership of

and control over a web of related entities, including Inman Management Services, Inc., Inman's

Auto Rescue LP, Inman Holdings, Inc., and Inman Affiliates, LLC.

12.      Auto Rescue provides roadside services to stranded motorists in the State of

Colorado, whose vehicles have suffered a mechanical failure that leaves the operator stranded,

such as a flat tire, being locked out of their car, running out of fuel, or a dead battery.

13.      As a condition of employment, Auto Rescue requires its roadside assistance

technicians to sign an "Independent Contractor Agreement" (the "Agreement") that

mischaracterizes each roadside assistance technician as an "independent contractor."

14.      The Agreement is designed to facilitate Defendant's intentional misclassification

of employees and to conceal the employer-employee relationship between the roadside assistance

technicians and Auto Rescue.

15.      In fact, Auto Rescue maintains the absolute right to control and direct the work of

its roadside assistance technicians by, among other things:

a.   Assigning roadside assistance technicians to calls and punishing technicians who fail to accept a call by not giving the technician work for a period of time;

b.   Requiring roadside assistance technicians to wear particular clothing, including shirts, vests and hats that bear Defendant's emblems or logos, and to display specific branding on their vehicles;

c.   Issuing rules for roadside assistance technicians regarding who can be in the technicians' vehicles during calls;

d.   Prescribing rules on how roadside assistance technicians are to conduct themselves while on calls;

e.   Controlling the dispatch of roadside assistance service calls by Defendant; and

f.   Equipping new roadside assistance technician hires with specific tools and providing a GPS tracking device to install on the new technician's vehicle, and, on occasion, agents of Auto Rescue visiting the new technician to assist with proper GPS set-up.

16.   While Defendant (mis)classified Plaintiff and others similarly situated as "independent contractors," Defendant retained the absolute right to control and direct the work of Plaintiff and others similarly situated. Further, the nature of the services that they performed, and the manner in which they performed these services, made it clear that Plaintiff and others similarly situated were actually "employees" within the meaning of the FLSA.

17.   Plaintiff and others similarly situated are not paid hourly wages. Rather, they are paid on a "per call" basis for each call they receive, respond to, and assist.

18.   Defendant did not provide Plaintiff and others similarly situated with payroll statements or other documentation that reflected the actual number of hours that they worked.

19.     Plaintiff and others similarly situated are on call 24 hours a day, 7 days a week. They regularly work in excess of 40 hours a week, but they are not paid any overtime. For example, Plaintiff Johnson has typically worked 60 hours a week.

## DEFENDANT HAS WILLFULLY VIOLATED THE FLSA

20.     Defendant Auto Rescue has willfully engaged in violations of the FLSA by misclassifying its roadside assistance technician as independent contractors when, at all relevant times, its senior management had no reasonable basis to believe that Plaintiff and the members of the FLSA Collective were independent contractors. Rather, Defendant either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to classify its roadside assistance technicians as employees. Such willfulness is demonstrated by, or may be inferred from, Defendant's actions and/or failures to act, including the following:

a.  At all times relevant hereto, Defendant has required its roadside assistance technicians to work in excess of 40 hours per week;

b.  At all times relevant hereto, Defendant has ensured compliance with its requirement to work more than 40 hours per week by retaliating against any roadside assistance technicians who have declined to take calls at all hours of the day and night;

c.  Such retaliation has included cutting off or substantially reducing the number of calls roadside assistance technicians would receive from Defendant;

d.  At all times relevant hereto, Defendant has maintained payroll records which reflected the fact that Plaintiff and similarly situated roadside assistance technicians did, in fact, regularly work in excess of 40 hours per week, and thus,

Defendant had actual knowledge that Plaintiff and similarly situated roadside assistance technicians worked overtime;

e.  At all times relevant hereto, Defendant knew that it did not pay Plaintiff and similarly situated roadside assistance technicians one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

f.  As evidenced by its Independent Contractor Agreements Defendant entered into with Plaintiff and similarly situated roadside assistance technicians, at all times relevant hereto, Defendant has been aware of the nature of the work performed by its roadside assistance technicians;

g.  At all times relevant hereto, Defendant has maintained the absolute right to control and direct the work of its roadside assistance technicians, as alleged in paragraphs 15-16, above;

h.  At all times relevant hereto, Defendant was aware that it would (and, in fact did) benefit financially by misclassifying Plaintiff and similarly situated roadside assistance technicians as independent contractors, as it allowed Defendant to avoid paying roadside assistance technicians one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

i.  At all times relevant hereto, Defendant has had a strong financial motive to violate the requirements of the FLSA by misclassifying its roadside assistance technician as independent contractors; and

j.  Defendant's affiliates have been sued for such violations, yet it has failed to change its employment practices. For instance, in August 2015 (nearly two

years ago), related Auto Rescue companies Auto Rescue of MKE, LLC, Inman's Auto Rescue, LP, and the companies' patriarch, Michael K. Inman, were sued in Wisconsin federal court "to challenge Defendant's unlawful practice of misclassifying its roadside technicians as "independent contractors" when they are properly classified as employees." *Metzger v. Auto Rescue of MKE LLC*, Case No. 2:15-cv-00967-JPS, at Dkt. 1 (D. Wis. Aug. 13, 2015) (Complaint alleging violations of the FLSA). Such legal actions placed Defendant on notice that its classification of auto assistance technicians as independent contractors violated the FLSA, but despite being on notice of its misconduct, Defendant has failed to bring its employment practices into compliance with the requirements of the FLSA.

21.     Based upon the foregoing, Defendant was cognizant that, or recklessly disregarded whether, its conduct violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

22.     This Cause of Action is brought as a collective action under the FLSA, 29 U.S.C §216(b).

23.     Plaintiff brings this Cause of Action on behalf of himself all other similarly situated roadside assistance technicians who have worked for Defendant between July 31, 2014 and the date of final judgment in this matter.

24.     Excluded from this collective action are any roadside assistance technicians who have worked for Defendant within the State of Texas between June 30, 2014 and the date of final judgment in this matter.

25.     Plaintiff and other roadside assistance technicians are "similarly situated," as that term is used in 29 U.S.C. § 216(b), in that they are all subject to Defendant's common plan or practice of misclassifying technicians as independent contractors, not paying them overtime for all hours worked beyond forty (40) in a given week, and not ensuring that they receive at least the federal minimum wage for all weeks worked. Thus, resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

26.     The similarly situated roadside assistance technicians are known to Defendant, are readily identifiable, and may be located through Defendant's records, as well as the records of any payroll companies that Defendant has utilized. Defendant has employed, and continues to employ, many roadside assistance technicians. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

27.     A copy of Johnson's consent to bring claims for unpaid minimum and overtime wages under FLSA as a representative action is attached hereto as Exhibit A.

### FIRST CLAIM FOR RELIEF:
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### COLLECTIVE ACTION
(Named Plaintiff and opt-ins against Defendant)

28.     Plaintiff realleges and incorporates by reference the preceding paragraphs.

29.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §207(a)(1), an employer must pay an employee overtime at a rate not less than one and a half (1.5) times the employee's regular rate of pay for all hours worked in excess of forty hours per week.

30.     The FLSA allows an employer to pay on a piece-rate basis, provided that the employer pays for all hours worked, including non-productive hours, and pays a premium for hours worked over forty hours in a week, based on the employee's regular rate of pay. 29 U.S.C. §207(a) and (g); 29 C.F.R. § 778.111.

31.     A piece-rate employee's regular rate of pay is determined by "adding together his total earnings for the workweek from piece rates and all other sources (such as production bonuses) and any sums paid for waiting time or other hours worked (except statutory exclusions). This sum is then divided by the number of hours worked in the week for which such compensation was paid[.]" 29 C.F.R. § 778.111. Once the regular rate has been established, the piece-rate overtime is compensated at one and one-half times that regular rate for hours in excess of 40 that workweek. Where there is no agreement between the employer and the employee made prior to performance of the work, the FLSA does not permit the employer to calculate a pieceworker's regular rate of pay by any other method. *See* 29 U.S.C. §207(g).

32.     Plaintiff and others similarly situated have regularly worked in excess of forty hours per week but have not been paid overtime premium pay for hours worked in excess of forty hours per week.

33.     Defendant knowingly, intentionally, and willfully failed to pay Plaintiff and others similarly situated overtime premium pay for hours worked in excess of forty hours per week.

34.     As a direct and proximate result of Defendant's willful unlawful conduct, Plaintiff and others similarly situated have suffered, and will continue to suffer, lost wages and other damages.

35.     This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

## COLORADO CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this cause of action under the Colorado Minimum Wage Order (7 CCR 1103–7) (the "MWO") on behalf of himself all other similarly situated roadside assistance technicians who have worked for Defendant in the State of Colorado between July 31, 2014 and the date of final judgment in this matter (the "Colorado Class"), pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

37.     Auto Rescue violated the MWO because it (1) failed to pay a fixed salary regardless of the number of hours worked by paying holiday and day off pay in addition to the weekly salaries of Plaintiff and the Colorado Class, (2) failed to provide Plaintiff and the Colorado Class with a clear, mutual understanding that Auto Rescue will pay the employee a fixed salary regardless of the number of hours worked, and (3) failed to pay Plaintiff and the Colorado Class a fifty percent (50%) overtime premium in addition to the full fixed weekly salary for all hours worked in excess of forty (40) during the week.

38.     The Colorado Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Upon information and belief, there are more than 40 class members in the Colorado Class.

39.     There are questions of law and fact common to the members of the Colorado Class that predominate over any questions solely affecting the individual members of the Colorado Class, including, without limitation:

        a.   Whether Auto Rescue employed Plaintiff and Colorado Class members within the meaning of the MWO;

10

b.   What proof of hours worked is sufficient when the employer fails in its duty to maintain time records;

c.   Whether Auto Rescue failed to pay Plaintiff and the Colorado Class for all of the hours they worked;

d.   Whether Auto Rescue failed to pay Plaintiff and the Colorado Class the legally required amount of overtime compensation under Colorado law;

e.   Whether Auto Rescue is liable for all damages claimed by Plaintiff and the Colorado Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

40.     Plaintiff's claims are typical of the claims of the Colorado Class members.  Plaintiff has the same interests in this matter as all other members of the Colorado Class.

41.     Plaintiff is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation.

42.     Class certification of Plaintiff's Colorado state law claim is appropriate pursuant to Fed R. Civ. P. 23(b)(3) because questions of law and fact common to the Colorado Class predominate over questions affecting only individual members of the Colorado Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

43.     Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

### SECOND CLAIM FOR RELIEF:
### VIOLATION OF COLORADO MINIMUM WAGE ORDER
### (On behalf of Plaintiff and the Colorado Class)

44.     Plaintiff realleges and incorporates by reference the preceding paragraphs.

45.     Overtime compensation due to Colorado workers is governed by the Colorado Minimum Wage Act ("CMWA"), Colo. Rev. Stat. §§ 8-6-101 *et seq.*, as implemented by Colo. Code Regs. §§ 1103-1:2 *et seq.* and the Colorado Wage Act ("CWA") Colo. Rev. Stat. §§ 8-4-101 through 8-4-123.

46.     Auto Rescue is subject to the overtime requirements of the CMWA and CWA, because Auto Rescue is a "retail and service" business or enterprise that sells or offers for sale a service to the consuming public, through the use of service employees such as Plaintiff and the Colorado Class, that generates 50% or more of its annual dollar volume of business from such sales. 7 Colo. Code Regs. §§ 1103-1:1 and 1103-1:2(A).

47.     Plaintiff and the Colorado Class are entitled to protection under the CMWA and CWA, because they are employees who are engaged in the performance of work connected with or incidental to such business or enterprise.  7 Colo. Code Regs. § 1103-1:2(A).

48.     Plaintiff and others were Defendant's "employees" as that term is defined by the MWO because they have performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 Colo. Code Regs. § 1103-1(2).

49.     Defendant is required under Colorado law to pay Plaintiff and the Colorado Class and one-half the regular rate of pay for any work in excess of: "(1) forty (40) hours per workweek; (2) twelve (12) hours per workday, or (3) twelve (12) consecutive hours without regard to the starting and ending time of the workday (excluding duty free meal periods), whichever calculation results in the greater payment of wages."  7 Colo. Code Regs. § 1103-1:4.

50.     Defendant violated the Colorado law by willfully failing to pay Plaintiff and others overtime premiums for all hours worked in excess of forty in each given workweek. 7 Colo. Code Regs. § 1103-1:4.

51.     Due to Defendant's willful violations of Colorado law, Plaintiff and the Colorado Class have suffered lost wages and lost use of those wages in an amount to be determined at trial.

52.     Plaintiff and others are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all hours worked by them in excess of forty in a workweek, plus reasonable attorney's fees and costs. Colo. Rev. Stat. § 8-6-118; 7 C.C.R. 1103-1(18).

## THIRD CLAIM FOR RELIEF:
### UNJUST ENRICHMENT UNDER COLORADO LAW
#### (On Behalf Plaintiff and the Colorado Class)

53.     Plaintiff realleges and incorporates by reference the preceding paragraphs.

54.     Auto Rescue has received and benefited from the uncompensated labors of Plaintiff and the Colorado Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

55.     At all relevant times hereto, Auto Rescue devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the Colorado Class without paying overtime compensation for all hours worked.

56.     Contrary to all good faith and fair dealing, Auto Rescue induced Plaintiff and the Colorado Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

57.     By reason of having secured the work and efforts of Plaintiff and the Colorado Class without paying overtime compensation as required by law, Auto Rescue enjoyed reduced

overhead with respect to their labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Colorado Class.

58.     Auto Rescue retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

59.     Plaintiff and the Colorado Class are entitled to judgment in an amount equal to the benefits unjustly retained by Auto Rescue.

## JURY TRIAL DEMAND

60.     Plaintiff demands a trial by jury for all issues of fact.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Daniel Johnson, on behalf of all other persons similarly situated, known and unknown, requests that this Court enter the following relief:

a. Permission for individuals who performed work for Defendant within the State of Colorado (and not within the State of Texas), are classified as independent contractors, and have not been paid minimum wage or overtime for hours greater than forty (40) worked in a week, to opt-in to this action pursuant to § 216(b) of the FLSA;

b. With respect to Plaintiff's claims for violations of the CMWA and CWA, as well as for unjust enrichment under Colorado law (Claims for Relief Two and Three): (i) certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (ii) the undersigned counsel be appointed class counsel; (iii) prompt notice of this litigation be sent to all potential Colorado Class members; and (iv) Plaintiff be awarded a service award in recognition of his work as a representative of the proposed Colorado Class;

c. All damages to which the named Plaintiff and class members may be entitled;

d.  Liquidated and multiple damages as allowed by law, including double damages under the FLSA;

e.  An injunction prohibiting Defendant from further violations of the law as described here;

f.  Post-judgment assignment of attorney's fees and costs; and

g.  Any other relief to which Plaintiff and class members may be entitled.

Dated: July 31, 2017                  Respectfully submitted,

/s Steven L. Woodrow

Shanon J. Carson (PA # 85957)
Sarah R. Schalman-Bergen (PA # 206211)
Eric Lechtzin (PA # 62096)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
Email: scarson@bm.net
         sschalman-bergen@bm.net
         elechtzin@bm.net

David M. Blanchard (MI # P67190)*
Daniel C. Tai (MI # P76798)*
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, Michigan 48104-1166
Telephone: (734) 929-4313
Facsimile: (888) 929-5833
blanchard@bwlawonline.com
tai@bwlawonline.com

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-927-0809

Michael K. Yarnoff (PA # 62222)
KEHOE LAW FIRM
Two Penn Center Plaza
1500 JFK Boulevard, Suite 1020
Philadelphia, PA 19102
Telephone/Fax: (215) 792-6676
myarnoff@kehoelawfirm.com

**ATTORNEYS FOR PLAINTIFF**
*Application for Admission to be Filed*